**BAPTISTS HEALTH d/b/a/ Baptist Memorial Medical Center**
Plaintiff

v.

**Todd P. SMITH, M.D. Defendant Third Party Plaintiff**

v.

**Robert Casali, M.D. and Central Arkansas Vascular Surgery, P.A. Third Party Defendants**

No. 4:04–CV–01243.

United States District Court, E.D. Arkansas, Western Division.

Sept. 20, 2005.

Joseph A. Strode, Bridges, Young, Matthews & Drake, Pine Bluff, AR, for Plaintiff.

Beth M. Deere, Williams & Anderson, Clayborne S. Stone, Williams & Anderson, Little Rock, AR, for Defendant.

Charles D. Davidson, Davidson Law Firm, Ltd., Krystal Allison Taylor, Davidson Law Firm, Ltd., Little Rock, AR, for Defendants.

## ORDER

WILSON, District Judge.

Pending is Third Party Plaintiff Todd Smith's Motion for Attorney's Fees (Doc. No. 49). Third Party Defendants Dr. Robert Casali and Central Arkansas Vascular Surgery, P.A. have not responded and the time for doing so has passed.

## I. HISTORY

On June 28, 29, and 30, 2005, Dr. Smith's counsel called Dr. Casali's lead counsel, Mr. Davidson, to find a mutually convenient time for Dr. Casali's deposition. On all three occasions, Mr. Davidson was unavailable and did not return the calls. Having received no response from Mr. Davidson, Dr. Smith's counsel sent a notice of deposition, setting the deposition for August 12, 2005. Mr. Davidson's associate, Ms. Krystal Taylor, called to say that Mr. Davidson was unavailable on August 12, 2005, because he normally does not come into the office on Fridays. In yet another attempt to accommodate, Dr. Smith's counsel asked Ms. Taylor to provide dates when both Dr. Casali and Mr. Davidson could attend the deposition. Ms. Taylor called later and advised Dr. Smith's counsel that August 29, 2005 would be the most convenient date for Dr. Casali's deposition. Accordingly, on August 9, 2005, Dr. Smith's counsel served Dr. Casali with Notice of Deposition that required Dr. Casali's appearance at a deposition on Monday, August 29, 2005—the date earlier agreed upon by all.

On August 19, 2005, Ms. Taylor called Dr. Smith's counsel to inform them that Mr. Davidson would not be available to attend the deposition on August 29, 2005. Dr. Smith's counsel agreed to move the deposition again, but insisted that the deposition take place at some time the week of August 29, 2005. In an August 24, 2005 letter, Ms. Taylor stated that she had "discovered that Mr. Davidson [would] be out of town the majority of the week of August 29–September 2, 2005." Ms. Taylor suggested that the deposition be reset for September 12, 2005. In her letter, Ms. Taylor also noted that Mr. Davidson would be unavailable the weeks of September 6–9 and September 19–30. On August 25, 2005, Dr. Smith's counsel informed Ms. Taylor that the September 12 date was not acceptable.

On Thursday, August 25, 2005, Dr. Casali, through counsel, filed a motion to quash the August 29 deposition. After an August 26, 2005 hearing, the motion was denied, and Dr. Casali was ordered to appear at the office of Dr. Smith's counsel on August 29, 2005 at 5:00 p.m. for his deposition. In his response to the Motion to Quash, Dr. Smith requested that he be awarded reasonable attorneys' fees and costs for successfully opposing the motion to quash.

Dr. Casali's lawyers have not denied any of the above chronology as submitted by Dr. Smith's counsel. However, during the August 26 telephone conference, Mr. Davidson stated that he simply did not recall the calls made to him on June 28, June 29, and June 30.

## II. CIVILITY

Over the past several years many lawyers' associations have promulgated codes of civility, in an attempt to stem the perceived decline in collegiality among members of the legal profession, particularly among trial lawyers. As far as I know, every one of these "codes" admonishes lawyers to respond promptly to calls and other communications from clients and other lawyers. As an example, the Pulaski County Arkansas Bar Association's Code of Professional Courtesy provides, among other things, that:

- Ordinarily, I will try to reach agreements for setting depositions and appointments.
- Zealous advocacy does not include . . . needless delay . . . .
- *I will take and return telephone calls as soon as possible* (emphasis supplied).

## III. PROFESSIONAL CONDUCT

The provisos of rules and guidelines of civility are, of course, hortatory. There are, however, mandates in the Arkansas Rules of Professional Conduct. For example, Rule 1.3 requires that, "a lawyer shall act with reasonable diligence and promptness in representing a client."[1] Rule 3.2 provides that, "a lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client." The comment under this rule reads:

Dilatory practices bring the administration of justice into disrepute. Delay should not be indulged merely for the convenience of the advocates, or for the purpose of frustrating an opposing party's attempt to obtain rightful redress or repose. It is not a justification that similar conduct is often tolerated by the bench and bar. The question is whether a competent lawyer acting in good faith would regard the course of action as having some substantial purpose other than delay. Realizing financial or other

---

1. ARK R. OF PROF. CONDUCT, Rule 1.3.

benefit from otherwise improper delay in litigation is not a legitimate interest of the client.[2]

Rule 1 of the Federal Rules of Civil Procedure requires that these rules "be construed and administered to secure the just, speedy, and inexpensive determination of every action."[3] Failing to respond to telephone calls does not contribute to the "just, speedy, and inexpensive determination of every action." The contrary is true.

The 1993 amendments to the discovery portion of the Federal Rules of Civil Procedure ushered in the idea of "meet and confer" among counsel for the parties in attempt to simplify and expedite discovery. One might say that cooperation of counsel is the zeitgeist of the 1993 discovery amendments.

## IV. DISCUSSION

It appears to me that Dr. Casali's lead counsel treated the communication from Dr. Smith's counsel with studied neglect, and, apparently, had a cavalier attitude about the discovery process. Time was somewhat of the essence because of a June 24, 2005 judgment[4] against Dr. Smith, and because the discovery deadline is September 30, 2005.

Although I did not delve into the point deeply, it is my impression that Mr. Davidson's associate, Ms. Taylor, acted appropriately throughout.

Thus, Dr. Smith is entitled to a reasonable attorney's fee and expenses from Dr. Casali. Dr. Smith's motion for attorney's fees and expenses asks for $907.50, which appears to be reasonable, so it is GRANTED.

## CONCLUSION

I am satisfied that the Federal Rules of Civil Procedure and the Arkansas Rules of Professional Conduct—not to mention the various codes of civility—contemplate cooperation among counsel during the discovery process, which manifestly includes responding to telephone calls and other communications. Failure to cooperate in the discovery process adds to the expense of litigation; it also leads to escalating vexation, and imbroglios, such as the one that developed in this case. This type of conduct often requires court intervention, as it has done in this case. My scheduling orders, and the cover letters that go with these orders, encourage conference calls to the court when lawyers have reasonable, good faith discovery disputes. Lawyers should not be chastened for "wasting the court's time" when such calls are made. On the other hand, judges are remiss when they do not meet subpar conduct with an award of attorney's fees against the offending party, and, in proper cases, with even sterner measures.

Accordingly, Third Party Plaintiff Todd Smith's Motion for Attorney's Fees and Expenses is GRANTED in the amount of $907.50.

---

2. Ark. R. of Prof. Conduct, Rule 3.2.

3. Fed. R. Civ. P. 1.

4. Doc. No. 25.